878 So.2d 258 (2003)
HYCHE LANDFILL, LLC
v.
WINSTON COUNTY et al.
1021192.
Supreme Court of Alabama.
September 19, 2003.
Steve A. Baccus of Almon, McAlister, Baccus, Hall & Kelley, L.L.C., Tuscumbia, for appellant.
Daryl L. Masters and C. Richard Hill, Jr., of Webb & Eley, P.C., Montgomery; and Hobson Manasco, Jr., Haleyville, for appellees.
WOODALL, Justice.
Hyche Landfill, LLC ("Hyche"), appeals from a judgment in favor of Winston County, the Winston County Commission ("the Commission"), and the three individual members of the Commission, namely, Roger Hayes, its chairman, and Commissioners Jeff Hood and Quinton Humphries, in their representative capacities (Winston County, the Commission, and its members are hereinafter referred to collectively as "the County"), in Hyche's declaratory-judgment action challenging the County's denial of Hyche's application for an expansion of its service area. We affirm.
On June 4, 1999, Hyche filed with the Commission, pursuant to Ala.Code 1975, § 22-27-48, a request for "local approval" to expand its landfill service area ("the application"). At that time, Hyche was operating a facility in Winston County known as the Hyche Construction and Demolition Landfill ("the landfill"), pursuant to local approval and a permit issued in 1997 by the Alabama Department of Environmental Management ("ADEM"). The 1997 permit allowed Hyche to process at the landfill construction and demolition *259 waste originating in Franklin, Marion, and Winston Counties. The application sought local approval of a proposed expansion of Hyche's service area to include "all counties that are touched by a 40-mile radius from the [landfill]." The proposed expansion encompassed the counties of Blount, Colbert, Cullman, Fayette, Franklin, Jefferson, Lauderdale, Lawrence, Limestone, Madison, Marion, Marshall, Morgan, Walker, and Winston.
The Commission conducted a duly noticed public hearing on the proposed expansion on July 27, 1999. On August 9, 1999, the Commission considered the application at a regularly scheduled meeting. Members of the public opposed to the application attended both the hearing and the meeting. At the close of the regular meeting, the Commission rejected the application. Two of the three commissioners, Hayes and Humphries, had voted against the application; Hood had abstained. The commissioners stated no reasons for denying the application.
On November 9, 1999, Hyche sued the County. The complaint alleged, among other things, that in denying the application, the County failed to comply with § 22-27-48(a). Hyche sought an injunction against "further violations" of that Code section, and an order compelling the County to "approve the requested expansion to the [l]andfill's service area."
The parties agreed to submit the case for final resolution on "stipulations and [documentary] evidence in lieu of [a] trial." On March 14, 2003, the trial court entered a final judgment affirming the denial of the application. In its judgment, the trial court stated: "To strictly conform with [§ 22-27-48(a)], the Winston County Commission shall within ten (10) days supplement its minutes of August 9, 1999, to set forth the reason(s) for the denial of the [application]." Hyche appealed.
On appeal, Hyche contends that, as a matter of law, it is entitled to a judgment reversing the Commission's denial of its application because, it argues, the County "failed to act" on its application as that phrase is used in § 22-27-48(a), resulting in the approval of its application by default. This legal nonfeasance occurred, because, Hyche insists, the County (1) failed to consider the six factors specifically set forth in § 22-27-48(a), or (2) failed to set forth reasons for its denial of the application.
Section 22-27-48(a) provides, in pertinent part:
"In addition to any regulatory bodies, the governing body of a county or municipality has a responsibility for and the authority to assure the proper management of solid wastes generated within its jurisdiction in accord with its Solid Waste Management Plan....
"In determining whether to recommend approval of the proposed issuance of or modification of a new or existing solid waste management site, the governing body shall consider each of the following:
"(1) The consistency of the proposal with the jurisdiction's solid waste management need as identified in its plan;
"(2) The relationship of the proposal to local planned or existing development or the absence thereof, to major transportation arteries and to existing state primary and secondary roads;
"(3) The location of a proposed facility in relationship to existing industries in the state that generate large volumes of solid waste, or the relationship to the areas projected for development of industries that will generate solid waste;

*260 "(4) Costs and availability of public services, facilities and improvements required to support a proposed facility and protect public health, safety and the environment;
"(5) The impact of a proposed facility on public safety and provisions made to minimize the impact on public health and safety; and
"(6) The social and economic impacts of a proposed facility on the affected community, including changes in property values, and social or community perception.
"Any determination by the local governing body of the proposed issuance of a modification of a permit ... shall be made in a public meeting only after public notice of such application or proposal and an opportunity for public comment is provided.
"... Each notice published in compliance with this section shall contain at a minimum a description of the proposed action to be considered, its relevance to and consistency with the local Solid Waste Management Plan and shall identify a contact person from whom interested persons can obtain additional information and can review copies of both the local plan and the application or proposal to be considered. All pertinent documents shall be available for inspection during normal business hours at a location readily accessible to the public. Within 90 days of receiving an application or proposal, the local governing body shall either approve the application or deny the application setting forth the reasons therefor. The failure of the local governing body to act on the proposal within 90 days of receiving the application shall constitute approval by said local governing body."
(Emphasis added.)[1] Thus, the dispositive question is: Did the Commission, despite its vote denying the application on August 9, 1999, "fail [] ... to act on the proposal within 90 days," within the meaning of the statute, either (1) because the commissioners failed to consider the factors mandated by § 22-27-48(a), or (2) because they failed to set forth reasons for denying the application? Resolution of the issue turns on the meaning of the phrase "failure to act."
"`The starting point in every case involving construction of a statute is the language itself.'" Schwartz v. Volvo North America Corp., 554 So.2d 927, 934 (Ala.1989) (Hornsby, C.J., concurring in part and dissenting in part) (quoting Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 756, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975)). The language and subject of the phrase under review link it with the antecedent sentence, which states: "Within 90 days of receiving an application or proposal, the local governing body shall either approve the application or deny the application setting forth the reasons therefor." (Emphasis added.)
The context and syntactic association of these two sentences invoke the interpretive maxim noscitur a sociis, that is, the meaning of doubtful terms is "indicated or controlled by those with which they are associated." Strickland v. General Motors Acceptance Corp., 578 So.2d 1275, 1277 (Ala.1991). "The principle of noscitur a sociis applies to sections and sentences in a manner similar to the application of the *261 doctrine of in pari materia to statutes covering the same subject matter." 2A Norman J. Singer, Statutes and Statutory Construction 47:16, at 271 (6th ed.2000).
By this principle, the meaning of the phrase, "failure ... to act ... within 90 days," is informed by the associated phrase in the preceding sentence, "approve the application or deny the application ... [w]ithin 90 days." (Emphasis added.) In other words, "failure ... to act" within 90 days is the functional equivalent of "approve ... or deny" within 90 days. The failure to explain an action does not convert the action to nonaction. Thus, "failure to act" on an application is the failure to approve or deny the application, not, as Hyche contends, the failure to explain the denial.
The Court of Civil Appeals has construed this phrase similarly. See Calhoun County Comm'n v. Hooks, 728 So.2d 625 (Ala.Civ.App.1997), rev'd on other grounds, 728 So.2d 631 (Ala.1998). The dispute in Hooks began when Industrial Waste, Inc. ("Industrial"), sought from the Calhoun County Commission approval for an "application to construct a landfill." Id. at 627. At a meeting on August 9, 1993, the Calhoun County Commission "receiv[ed] comment on the proposal," id. at 628, but voted to "hold [Industrial's] request in abeyance until such a time as a study [could] be completed to determine the effects on future permits." Id. at 627. The Calhoun County Commission took no further action on Industrial's application.
After the 90-day statutory period expired, ADEM began "to process [Industrial's] permit application." 728 So.2d at 628. Christine Hooks "learned from reading a local news story that ADEM was planning to issue the permit" and sought a temporary restraining order against ADEM. Id. The trial court enjoined the permit, concluding that the Calhoun County Commission had "acted" on the proposal by "receiving comment on the proposal at the August 9, 1993, Commission meeting and by holding the proposal in abeyance." Id.
The Court of Civil Appeals disagreed with the trial court, stating:
"The circuit court erred in holding that the [Calhoun County Commission] had `acted on the proposal' merely by receiving comment and by holding the proposal in abeyance. In § 22-27-48(a), the sentence containing the phrase `act on the proposal' immediately follows the sentence containing the directive that the local governing body shall approve or deny the application within 90 days:
"`Within 90 days of receiving an application or proposal, the local governing body shall either approve the application or deny the application setting forth the reasons therefor. The failure of the local governing body to act on the proposal within 90 days of receiving the application shall constitute approval by said local governing body.'
"The meaning of words in a statute is to be taken from their context. Brock v. City of Anniston, 244 Ala. 544, 14 So.2d 519 (1943). Reading the last sentence of § 22-27-48(a) in context with the preceding sentence, we think it is logical and clear that the failure to `act on the proposal' means the failure either to approve or to deny the request. We hold that the Calhoun County Commission `failed to act' on [Industrial's] request because it failed either to approve or to deny the request in 90 days."
728 So.2d at 629-30 (emphasis added).
We hold, therefore, that the Commission, which denied the application on August 9, 1999, did not "fail to act," within the meaning of § 22-27-48(a). Because *262 Hyche is not entitled to the relief it seeks, the judgment of the trial court is affirmed.
AFFIRMED.
LYONS, JOHNSTONE, and STUART, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring specially).
In addition to the reasoning of the majority opinion, with which I fully concur, there is another reason that I cannot hold that the trial court's judgment is plainly or palpably erroneous. Hyche Landfill did not present a claim to the Winston County Commission before it filed this action against the County. Alabama Code 1975, § 6-5-20, as interpreted by Williams v. McMillan, 352 So.2d 1347 (Ala.1977), requires that such a notice be filed for all claims against counties, including tort, contract, and equitable claims.
NOTES
[1] The County contends that Commissioners Hayes and Humphries considered those statutory factors. Hayes submitted an affidavit stating: "Before making my decision and acting upon the Motion rejecting or disapproving the proposed expansion of the Hyche Landfill, I considered the six factors listed in § 22-27-48(a), Code of Alabama 1975." (Emphasis added.) Humphries testified identically by affidavit.